**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-7071**

---

YO,

                Petitioner - Appellant,

        v.

NELSON SMITH,

                Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, Chief District Judge.  (3:24-cv-00161-MHL-MRC)

---

Submitted:  December 23, 2025                    Decided:  December 30, 2025

---

Before WILKINSON and RUSHING, Circuit Judges, and FLOYD, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Yo, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Yo, previously known as Mario Ballard, seeks to appeal the district court's order dismissing without prejudice Yo's 28 U.S.C. § 2254 petition.[*] The order is not appealable unless a circuit justice or judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v. Davis*, 580 U.S. 100, 115-17 (2017). When, as here, the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Yo has not made the requisite showing. Accordingly, we deny a certificate of appealability and dismiss the

---

[*] Yo initially filed the underlying petition pursuant to 28 U.S.C. § 2241. The district court redocketed the matter as brought pursuant to § 2254 because Yo, who is in custody pursuant to a civil recommitment order stemming from a state criminal judgment, challenged the validity of the recommitment order. Although contested by Yo, we discern no error in the district court's decision to construe his filing as a § 2254 petition. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (explaining that detainees under an involuntary civil commitment by a state court may challenge the order through federal habeas corpus because they meet the "in custody" requirement of § 2254); *see accord Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139-40 (9th Cir. 2005) (providing that it is "well established that detainees under an involuntary civil commitment scheme" such as a sexually violent predator program may use § 2254 to challenge their term of confinement).

2

appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*
